## W. L. MOODY *v.* JAMES W. CHILES, ET AL.

**Will—Construction of Will.**

> In a will containing the following clause, "To my son, James Chiles, I give one-seventh (of the proceeds of certain property) with the following provisions: the proceeds given for his benefit are to be placed in the hands of S. P. Boone, of Kansas, as trustee, to be held and used for the benefit of the wife and children of the said Chiles," it is held that the fund named was dedicated to the use and benefit of the devisee's wife and children, and could not be made subject to claims of his creditors.

**Rights of Creditors.**

> Creditors have no claims, either legal or equitable, upon the estates or bounty of the ancestors of their debtors.

### APPEAL FROM TODD CIRCUIT COURT.

September 6, 1878.

OPINION BY JUDGE COFER:

F. N. Chiles's will contains the following clause: "To my son, James Chiles, I give one-seventh (of the proceeds of certain property) with the following provisions: the proceeds given for his benefit are to be placed in the hands of S. P. Boone, of Kansas, as trustee, to be held and used for the benefit of the wife and children of the said Chiles." The will of Mrs. S. E. Chiles, the widow of F. N. Chiles and mother of James, contains a similar clause in respect to one-seventh of her estate, except that a different person is named as trustee. There is nothing in any other part of either will calculated to influence the mind in construing the clause quoted above.

The appellant, a creditor of James Chiles, sought by this action to subject this supposed interest in the fund bequeathed by the foregoing clauses in the two wills, and the court having sustained a demurrer to his petition the only question of importance in this appeal is whether James Chiles has any such interest as can be subjected to the payment of his debts. Counsel for the appellant cites Sec. 21, Art. 1, Chap. 63, Gen. Stat., and argues that the bequests in the wills of the father and mother of James are to him, and that the fund is therefore held in trust for his use, and comes within the statute.

But we think the evident intention of the testator and testatrix was to dedicate the fund to the use and benefit of James's wife and children. True, they say they give the fund to James, but this is

followed by the provision that it is to be placed in the hands of trustees, to be held and used for the benefit of his wife and children. It is doubtless incidentally beneficial to James, as it relieves him to that extent of the burden of caring for his family, and as one of the family he may enjoy direct benefits; but he has no such direct and immediate interest in the fund as can be reached by his creditors. No part of the fund or income from it is payable to James, nor can he compel the trustees so to expend it as to enable him to enjoy its benefits. It is only in the application of the fund by the trustees that he can enjoy even an incidental benefit. Until they apply it he cannot reach or enjoy it even incidentally, and then not because the wills give him an interest, but because they give it for the benefit of those whom it is his legal and natural duty to support. If he should abandon his family and neglect his duties as husband and father he would not be entitled to any part of the fund or its income. If he were dead, leaving either wife or child surviving, his personal representative would have no interest.

It is not like the case of *Cosby v. Ferguson,* 3 J. J. Marsh. 264, and yet it more nearly resembles that case than any other cited by counsel. There the trust provided for the support of Cosby and his family, and the court held that he had an interest in the income from the trust property equal to the value of his support, but would not allow the principal to be encroached. In this case no provision is made for the personal support of Chiles.

Nor can any part of the fund be reached on the ground that he is entitled to the benefit of the bequest to his wife  The wills vest the funds in the trustees apparently for the sole purpose of keeping it out of the husband's hands. Such a provision is not unlawful nor against public policy, and it would be strange if the law, after having authorized the disposition of property by last will and testament, should step in and declare that a bequest, evidently made to keep property out of the hands of the husband and father and to secure it to his wife and children, should by the operation of another principle defeat the purpose of the testator.

Creditors have no claims, either legal or equitable, upon the estates or bounty of the ancestors of their debtors, and a court of equity feels under no obligation to the estate to find some means of defeating the evident intention of a testator by subjecting the bounty intended for one to pay the debts of another, who, so far from being intended as the recipient of his bounty, was evidently intended to be excluded.

But the court erred in dismissing the petition absolutely as against James W. Chiles. It should have been dismissed without prejudice. The judgment is *affirmed* as to all the appellees except J. W. Chiles; as to him it is reversed, and the cause is remanded with directions to dismiss the petition without prejudice.

*W. L. Reeves, for appellant.*

*H. G. Petrie, F. H. Bristow, for appellees.*